IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COREY A. BROOKS,** **Plaintiff,** v. **MICHAEL WILLIAMS and WARDEN OF SHAWNEE CORRECTIONAL CENTER,** **Defendants.** | Case No. 3:16-CV-00966-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Corey Brooks is an inmate in the Illinois Department of Corrections who resided at Shawnee Correctional Center ("Shawnee") when he filed this suit (Docs. 1 & 6). Brooks alleges Shawnee denied him access to Rastafari Sabbath services in violation of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA") (*Id.*). He brings this action against the Warden of Shawnee and Michael Williams, the Chaplain at Shawnee under 42 U.S.C. § 1983 (*Id.*). He seeks injunctive relief only (*Id.*).

Brooks was transferred to Illinois River Correctional Center sometime in 2017 (*See* Doc. 34). On March 1, 2019, Defendants filed a motion for summary judgment, arguing Brooks's transfer to another facility mooted his RLUIPA claims and that all of his claims

fail as a matter of law (Doc. 61). Brooks did not respond to the motion by the deadline, and the Court *sua sponte* granted him additional time to do so (Doc. 69). Brooks was warned that if he failed to respond, the Court may grant the motion for summary judgment and dismiss his suit (*Id.*).

On June 28, 2019, Brooks still had not responded to the motion for summary judgment, and Judge Sison issued a Report and Recommendation that recommends granting the motion for summary judgment (Doc. 70). Brooks filed a timely objection to the Report and Recommendation on July 12, 2019 (Doc. 71). He gives no reason for his failure to respond to Defendants' motion and, instead, states in a conclusory fashion that Shawnee had no penological or security reason for denying his access to religious services (*Id.*).

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Although Brooks filed a timely objection to Judge Sison's Report and

Recommendation, his objection does not provide a reason for his failure to respond to the motion for summary judgment or meaningfully address any of Defendants' arguments. Local Rule 7.1(c) provides, "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." In this instance, Brooks repeatedly failed to respond to the motion for summary judgment despite having well over three months to do so and being warned that a non-response could result in the dismissal of his case. Additionally, Brooks did not make any specific objections as to why Judge Sison erred in recommending dismissal. Accordingly, dismissal under Local Rule 7.1(c) is appropriate. The Court **ADOPTS** Judge Sison's Report and Recommendation (Doc. 70) in its entirety and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 61). The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  September 9, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**